IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.   Criminal Action No. 3:15CR12

ANTOINE D. BEACH

**MEMORANDUM OPINION**

On March 23, 2015, Antoine D. Beach pled guilty to Bank Robbery and Aiding and Abetting Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One), and Possession and Discharge of a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two). (Plea Agreement 1, ECF No. 77.) The Court sentenced Beach to 46 months of imprisonment on Count One and 120 months of imprisonment on Count Two to run consecutively. (J. 2, ECF No. 125.) Beach, proceeding pro se, subsequently submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 183.) The Government has responded.

Beach contends that, pursuant to Johnson, his convictions under 18 U.S.C. § 924(c)(1) are no longer constitutional. In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of

dueprocess." 135 S. Ct. at 2563.[1] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule of law that has retroactive effect in cases on collateral review." Id. at 1268.

Here, however, Beach was never subject to a sentence enhancement under the ACCA. Rather, Beach seeks to extend Johnson to invalidate his convictions under 18 U.S.C. § 924(c)(1)(A), which provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -
> . . .

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

2

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Under this section, a "crime of violence" is defined as any felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).

The Supreme Court has not yet determined whether its decision in Johnson invalidates § 924(c)(3)(B), the "residual clause" of this subsection. However, the Court need not decide that issue, as Beach's conviction under 18 U.S.C. § 924(c)(1)(A) were predicated on charges of bank robbery. The United States Court of Appeals for the Fourth Circuit has held that bank robbery under 18 U.S.C. § 2113(a) squarely constitutes a crime of violence under the force clause, § 924(c)(3)(A). See United States v. McNeal, 818 F.3d 141, 153 (4th Cir.), cert. denied, 134 S. Ct. 164 (2016). Thus, Beach's claim is meritless.

Accordingly, Beach's claim will be dismissed and the § 2255 motion will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Order to Beach and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 16, 2017
Richmond, Virginia